# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

JOHNNIE R. DOUGLAS                                                        PETITIONER

v.                                CIVIL ACTION NO. 3:18-CV-P621-CRS

DEEDRA HART                                                        RESPONDENT

## MEMORANDUM OPINION

Petitioner Johnnie R. Douglas has filed a 28 U.S.C. § 2254 petition for a writ of habeas corpus by a person in state custody (DN 1). The matter is currently before the Court for preliminary consideration of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the following reasons, the petition will be dismissed as premature.

## I.

In 2005, a Jefferson County grand jury indicted Douglas on multiple counts relating to two incidents: two counts of first-degree robbery, three counts of kidnapping, one count of being a first-degree Persistent Felony Offender (PFO), and two counts of possession of a firearm by a convicted felon, based upon Douglas's conviction for a bank robbery in 1985.[1] Voir dire was conducted in 2006 to empanel a jury. During voir dire, one of the jurors informed counsel and the trial judge that he had been the victim of an armed robbery when he worked as a bank teller many years ago. The only follow-up question anyone asked him was whether he could be fair despite his personal experience, to which he answered in the affirmative. Later, defense counsel attempted to use a peremptory strike to remove that juror; however, counsel accidentally struck the juror sitting next to the juror in question instead. Counsel had already used his allotted

---

[1] This procedural history is taken from the Kentucky Supreme Court opinion regarding Douglas's RCr 11.42 motion, *Commonwealth v. Douglas*, 553 S.W. 3d 795 (Ky. 2018).

peremptory strikes and the trial judge denied his request for an additional peremptory strike. As a result, this juror sat on the jury.

In 2006, the jury convicted Douglas of one count of robbery and two counts of kidnapping. Douglas received a 20-year sentence for each of these convictions, and pursuant to the jury's further finding that he was a first-degree PFO, an enhanced 35-year term on each count, all to be served concurrently.

After the jury's release, the juror described above approached the trial judge and informed him that a document introduced to the jury during the PFO consideration and sentencing phase listed that juror as the victim of a bank robbery committed by Douglas in 1995. The juror told the judge that he did not recall Douglas being the man who robbed him until Douglas's 1985 indictment refreshed his recollection during the PFO consideration and sentencing phase.

Douglas filed a direct appeal to the Kentucky Supreme Court arguing for reversal of his conviction because the jury was tainted by the juror in question. The court rejected his arguments holding that any issue related to the jury's composition was not preserved by post-verdict objections during the sentencing phase and that the trial court acted within its discretion when it denied Douglas an extra peremptory strike. *Douglas v. Commonwealth*, 2006-SC-000882-MR, 2007 Ky. Unpub. LEXIS 44 (Ky. Dec. 20, 2007). Based on this reasoning, the court upheld the circuit court's judgment to the extent that it convicted Douglas "of first-degree robbery and sentence[d] him therefore as a first-degree persistent felon." *Id*. at 32. However, the court reversed the judgment against Douglas as to the two kidnapping charges, based upon a statutory exemption, and remanded the case "for entry of a new Judgment reflecting this result." *Id*.

Following this decision, but before Douglas was retried on the kidnapping charges, he filed a RCr 11.42 motion claiming that he had received ineffective assistance of counsel for two reasons: 1) for counsel's alleged failure to properly question the juror at issue during voir dire about the details of the robbery he was a victim of; and 2) for counsel's failure to move for a new trial when the juror revealed he was a victim of Douglas's prior robbery. In 2014, the circuit court held a hearing on this motion and denied it. Douglas then appealed this denial to the Kentucky Court of Appeals. On appeal, the court reversed the circuit court and remanded Douglas's case for a new trial. The Commonwealth then petitioned the Kentucky Supreme Court for discretionary review, which it granted. The Kentucky Supreme Court affirmed the decision of the Court of Appeals in part and reversed in part, concluding as follows:

> Prejudice could not be presumed from the juror's presence on the jury because no one knew of his bias toward Douglas during voir dire or the guilt phase of the trial – including the juror himself. However, once the juror realized his relationship with Douglas and so informed the court, prejudice could be presumed. Therefore, Douglas is entitled to a new PFO and sentencing trial because those proceedings were fundamentally unfair."

*Commonwealth v. Douglas*, 553 S.W. at 802. The Kentucky Supreme Court rendered this decision on August 16, 2018.

On September 14, 2018, Douglas filed the § 2254 petition that is now before the Court.[2] In his petition, Douglas states that he is challenging his convictions for robbery in the first degree and for being a PFO. He bases his challenge on the ineffective assistance of counsel claims he raised in his RCr 11.42 motion.

---

[2] "Under the prison mailbox rule, a habeas petition is considered filed when the prisoner provides the petition to prison officials for filing." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 456 (6th Cir. 2012); *see also Houston v. Lack*, 487 U.S. 266 (1988). In this case, Petitioner certified that he placed his petition in the prison mail system on September 14, 2018.

3

## II.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001) (citing *Coleman v. Mitchell*, 244 F.3d 533, 538 (6th Cir. 2001)). To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (citing *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990)).

Here, Douglas's criminal case has been remanded for resentencing. Thus, his underlying convictions and sentence have not been finalized in state court. The Sixth Circuit has held that where a conviction has been affirmed, but there is a separate line of review of a new sentence imposed at resentencing, "the judgment becomes final after direct review of the new sentence." *Rashad v. Lafler*, 675 F.3d 564, 568 (6th Cir. 2012) (citing *Burton v. Stewart*, 549 U.S. 147 (2007)). This is because, for AEPDA purposes, "final judgment in a criminal case means sentence. The sentence is the judgment." *Id.* (quoting *Burton*, 549 U.S. at 156) (internal quotations omitted). Thus, before Douglas can obtain relief under § 2254 for any part of his underlying criminal action, he must be resentenced and then complete direct review of the new judgment in state court.[3] *See, e.g.*, *Farris v. Bergh*, No. 2:17-cv-12555, 2018 U.S. Dist. LEXIS

---

[3] Significantly, the *Rashad* court also held that the one-year statute of limitations for a § 2254 action is not triggered until any resentencing related to an underlying conviction(s) becomes final and direct review of the new sentence is complete. 675 F.3d at 568.

47812 (E.D. Mich. Mar. 23, 2018) (dismissing a § 2254 petition as premature based upon the conclusion that the petitioner's state convictions and sentences were not final because the state appellate court had remanded the case to the state trial court for resentencing and an appeal of the trial court's decision on remand remained pending in the state court of appeals); *Quigley v. Mackie*, No. 17-cv-11203, 2017 U.S. Dist. LEXIS 87760 (E.D. Mich. June 8, 2017) (dismissing habeas petition as premature where criminal case had been remanded to the state trial court for resentencing and the petitioner did not allege that he had been resentenced or that he had exhausted his available state court remedies with regard to the new sentence).

For these reasons, the Court will dismiss the instant § 2254 petition as premature.

### III.

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies a habeas petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. at 484. If the petition was denied on procedural grounds, both showings must be made before a certificate of appealability should issue and the matter be heard on appeal. *Id*. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not

5

conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* In such a case, no appeal is warranted. *Id.*

The Court is satisfied in the instant case that no jurists of reason could find its procedural ruling to be debatable. Thus, a certificate of appealability must be denied.

### IV.

The Court will enter an Order consistent with this Memorandum Opinion.

Date: November 29, 2018

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc:  Petitioner, *pro se*
  Respondent
  Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive,
    Frankfort, KY 40601
4411.011